IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**KYLE KENWORTHY, CHAD HENSLEY,**                    **PLAINTIFFS**
**STEPHEN MAKANJU, TED WILLIAMS and**
**MICHAEL SPERLING, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                      No. 7:20-cv-111

**NEXTIER OILFIELD SOLUTIONS, INC.,**                  **DEFENDANTS**
**NEXTIER COMPLETION SOLUTIONS, INC.,**
**and C&J ENERGY SERVICES, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Kyle Kenworthy, Chad Hensley, Stephen Makanju, Ted Williams and Michael Sperling (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant NexTier Oilfield Solutions, Inc., NexTier Completion Solutions, Inc., and C&J Energy Services, Inc. (collectively "Defendant" or "Defendants"), they state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiffs, each individually and on behalf of all other similarly situated employees of Defendant at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated lawful overtime compensation for hours in excess of forty (40) hours per week.

3.	Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.	JURISDICTION AND VENUE

4.	The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.	Defendant conducts business in this District and a substantial part of the events alleged herein occurred in this District.

6.	Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7.	On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.	THE PARTIES

8.	Plaintiff Kyle Kenworthy ("Kenworthy") is an individual and a citizen and resident of Tom Green County.

9.	Plaintiff Chad Hensley ("Hensley") is an individual and a citizen and resident of Chaves County, New Mexico.

10.     Plaintiff Stephen Makanju ("Makanju") is an individual and a citizen and resident of Denton County.

11.     Plaintiff Ted Williams ("Williams") is an individual and a citizen and resident of Denton County.

12.     Plaintiff Michael Sperling ("Sperling") is an individual and resident of Bowie County.

15.     Defendant NexTier Oilfield Solutions, Inc., ("NexTier Oilfield"), is a foreign, for-profit corporation registered to do business in Texas.

16.     NexTier Oilfied's registered agent for service is C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

17.     Defendant NexTier Completion Solutions, Inc. ("NexTier Completion"), is a foreign, for-profit corporation registered to do business in Texas.

18.     NexTier Completion's registered agent for service is C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

19.     Defendant C&J Energy Services, Inc. ("C&J") is a foreign, for-profit corporation registered to do business in Texas.

20.     C&J's registered agent for service is CSC-Lawyers Incorporating, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

21.     Defendant maintains a website at https://nextierofs.com/.

## IV.     FACTUAL ALLEGATIONS

22.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

23.     Defendants have unified operational control and management, as well as

control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

24.     Upon information and belief, the revenue generated from Defendants' entities is merged and managed in a unified manner.

25.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

26.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

27.     Defendant was at all times relevant hereto Plaintiffs' employer, as well as the employers of the members of the proposed collectives and are and have been engaged in the interstate commerce as that term is defined under the FLSA.

28.     Defendant operates an oil and natural gas company with locations across the United States including several in Texas.

29.     Upon information and belief, NexTier Oilfield and NexTier Solutions were formed when C&J merged with another company. However, C&J maintains a separate filing with the Secretary of State, although its principal address is the same as that of the NexTier Defendants.

30.     Plaintiffs were hired by Defendant as salaried employees at Defendant's location in Midland, during the three years preceding the filing of this Complaint.

31.     At all times material herein, Plaintiffs and similarly situated employees

have been misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

32.     At all relevant times herein, Defendant directly hired Plaintiffs and similarly situated employees to work at its job sites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

33.     At all times material hereto, Plaintiffs were entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

A.     **Plaintiff Kenworthy**

34.     Kenworthy worked for Defendant as an hourly employee from November of 2016 until July of 2018, and as a salaried Field Supervisor from July of 2018 to the present.

35.     Defendant classified Kenworthy as exempt from the FLSA and did not pay him an overtime premium for all hours worked over forty (40) each week.

36.     Kenworthy regularly worked in excess of forty (40) hours per week.

37.     As a Field Supervisor, Kenworthy's primary job duty was supervising work crews at job sites.

38.     Kenworthy did not hire or fire any other employee, and although Kenworthy sometimes made recommendations for hiring and firing, no particular weight was given to his recommendations.

39.     Kenworthy did not manage the enterprise or any customarily recognized department or subdivision of the enterprise.

40.     Kenworthy was misclassified by Defendant as exempt under the FLSA,

and was not paid an hourly rate of one and one-half times his regular rate of pay for every hour worked over forty (40) per week.

## B. Plaintiffs Hensley, Makanju and Williams

41. Hensley worked for Defendant as a salaried Field Engineer from April of 2018 until March of 2020.

42. Makanju worked for Defendant as a salaried Field Engineer from October of 2018 to the present.

43. Williams worked for Defendant as a salaried Field Engineer from February of 2018 until March of 2020.

44. Defendant classified Hensley, Makanju and Williams (collectively "Engineer Plaintiffs") as exempt from the FLSA and did not pay them an overtime premium for all hours worked over forty (40) each week.

45. Engineer Plaintiffs regularly worked in excess of forty (40) hours per week.

46. As Field Engineers, Engineer Plaintiffs' primary job duties were completing calculations related to jobs, monitoring coil tubing piping and ensuring that it stayed within operable pressure and fatigue limits and performing post-job documentation for clients.

47. Engineer Plaintiffs did not hire or fire any other employee, and although they sometimes made recommendations for hiring and firing, no particular weight was given to their recommendations.

48. Engineer Plaintiffs did not manage the enterprise or any customarily recognized department or subdivision of the enterprise.

49. Engineer Plaintiffs were misclassified by Defendant as exempt under the

FLSA and were not paid an hourly rate of one and one-half times their regular rate of pay for every hour worked over forty (40) per week.

### C. Plaintiff Sperling

50. Sperling worked as a salaried Specialist II from July of 2017 to January of 2018, and as an hourly Specialist II from January of 2018 to June of 2019.

51. When Defendants paid Sperling a salary, they classified him as exempt from the FLSA and did not pay him an overtime premium for all hours worked over forty (40) each week.

52. Sperling regularly worked in excess of forty (40) hours per week.

53. As a Specialist II, Sperling's primary job duty was to run the pumps at job sites, as well as rigging up and rigging down.

54. Sperling did not hire or fire any other employee, and no particular weight was given to his recommendations to hire or fire.

55. Sperling did not manage the enterprise or any customarily recognized department or subdivision of the enterprise.

56. Sperling was misclassified by Defendant as exempt under the FLSA, and was not paid an hourly rate of one and one-half times his regular rate of pay for every hour worked over forty (40) per week

## IV. REPRESENTATIVE ALLEGATIONS

57. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

58. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

59.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Overtime premiums for all hours worked in excess of forty per week;

B.      Liquidated damages; and

C.      The costs of this action, including attorney's fees.

60.     Plaintiffs propose the following collective under the FLSA:

**All salaried Field Supervisors, Field Engineers
and Specialists II in the past three years.**

61.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

62.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

63.     The proposed FLSA collective members are similarly situated in that they share these traits:

64.     They were misclassified as salaried employees;

65.     They were not paid proper overtime wages as required by the FLSA;

66.     They worked more than 40 hours in some weeks; and

67.     They had substantially similar job duties, requirements, and pay

provisions.

68.     Plaintiffs are unable to state the exact number of the class but believe that there are approximately thirty (30) other employees who worked as Field Supervisors, Field Engineers or Specialists II, and were misclassified as salaried employees.

69.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

70.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

71.     Defendants knew or should have known that their actions violated the FLSA.

72.     Defendant's actions in denying overtime wages to Plaintiffs and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## V.     FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

73.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

74.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

75.     At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

76.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

77.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

78.     At all times relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

79.     Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

80.     Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

81.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

82.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as

though fully incorporated in this section.

83.     Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

84.     At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

85.     At all times relevant to this Complaint, Defendant misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

86.     Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

87.     Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

88.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Kyle Kenworthy, Chad Hensley, Stephen Makanju, Ted Williams and Michael Sperling, each individually and on behalf of all others similarly situated, respectfully pray as follows:

A.      That Defendant be summoned to appear and answer this Complaint;

B.      That Defendant be required to account to Plaintiffs, the collective members, and the Court for all monies paid to Plaintiffs and the collective members;

C.      A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D.      Certification of, and proper notice to, together with an opportunity to participate in the litigation, the classes of all qualifying current and former employees;

E.      Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

F.      Judgment for liquidated damages pursuant to the FLSA;

G.      An order directing Defendant to pay Plaintiffs and members of the collectives prejudgment interest, reasonable attorney's fees and all costs connected with this action;

H.      For a reasonable attorney's fee, costs, and pre-judgment interest; and

I.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**KYLE KENWORTHY, CHAD HENSLEY,
STEPHEN MAKANJU, TED WILLIAMS
and MICHAEL SPERLING, Each
Individually and on Behalf of All
Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com